Filed 4/15/14  P. v. Castro CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>MARIANO ANTONIO CASTRO,<br><br>   Defendant and Appellant. | G048364<br><br>(Super. Ct. No. 11CF1031)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Mariano Antonio Castro, in pro. per.; Richard de la Sota, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*       \*       \*

Defendant was convicted by jury of two counts of committing a lewd act with a child under the age of 14 (Pen. Code, § 288, subd. (a), counts 2 & 3),[1] three counts of aggravated sexual assault of a child under the age of 14 (§ 269, subd. (a)(1), count 4; §269, subd. (a)(4), counts 5 & 6), and one count of continuous sexual abuse of a child under the age of 14 (§288.5, subd. (a)).[2] The jury also found true allegations of substantial sexual conduct attached to counts 2 and 7, and great bodily injury attached to count 3. Defendant was sentenced to an aggregate indeterminate state prison term of 45 years to life, and a determinate state prison term of 16 years to be served before the indeterminate term commenced.[3] Defendant timely filed a notice of appeal, and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court he was unable to find an issue to argue on defendant's behalf. Defendant was given the opportunity to file written argument in his own behalf, and he has done so, submitting a four-page handwritten brief.

We have examined the entire record, and have considered the brief submitted by defendant, but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) Accordingly, we affirm the judgment.

---

[1] All statutory references are to the Penal Code.

[2] The jury failed to reach a verdict on count 1, which charged defendant with a third violation of section 288, subdivision (a). The court declared a mistrial, and the People ultimately dismissed the charge.

[3] The sentence comprised a term of 15 years to life on count 3 (§§ 288, subd.(a); 667.61, subds. (b), (c)(8) & (d)(7)), a consecutive term of 15 years to life on count 4 (§ 269, subds. (a)(1), (b)), a consecutive term of 15 years to life on count 5 (§ 269, subds. (a)(4) & (b)), a concurrent term of 15 years to life on count 6 (§ 269, subds. (a)(4) & (b)), a consecutive term of 16 years on count 7 (§ 288.5, subd. (a)), and a concurrent term of 6 years on count 2 (§ 288, subd. (a)).

FACTS

Jane Doe was born in October 1992. Defendant moved in with Jane Doe's mother, her two half brothers,[4] and Jane Doe when Jane Doe was about eight years old. On Jane Doe's eighth birthday, defendant kissed her on the lips.[5] Thereafter, defendant's sexual conduct escalated, progressing first to touching Jane Doe's vagina on top of her clothes, then touching her vagina under her clothes, and eventually digitally penetrating her vagina. When Jane Doe reached the age of nine, defendant had sexual intercourse with her, holding her hands down by her wrists to stop her from trying to push him away. Jane Doe estimated that between her ninth and tenth birthdays defendant had sex with her about 50 times.

Defendant had Jane Doe orally copulate him when she was nine years old. He had promised her a toy if she gave him a "blow job." Jane Doe "didn't want that toy that bad," but defendant pulled her over to him by pulling her wrist, and "pulled his penis out of his pants." Jane Doe reacted by biting defendant's penis. Defendant got mad, but followed through on his promise to buy the toy. On another occasion, when Jane Doe was nine years old, Defendant straddled her on his hands and knees, and tried to force his penis into her mouth while at the same time performing oral sex on her.

Jane Doe went to a physician for a pre-school physical examination when she was starting seventh grade. She had noticed she was lactating, her clothes weren't fitting anymore, and she had felt something moving inside. The physician confirmed she was pregnant. Jane Doe lied to the social worker, telling her that a boyfriend was the father of the baby. Jane Doe told the lie because defendant had threatened her by saying

---

[4] Jane Doe's half brothers were fathered by defendant. Jane Doe's biological father was another man.

[5] This was the incident alleged in count 1, which the People ultimately dismissed after the jury failed to reach a verdict.

3

if she ever "said anything that [her] family was going to get destroyed." Jane Doe delivered a baby daughter approximately three months after her twelfth birthday. DNA testing, done after defendant's arrest, confirmed that defendant was the father.

About six months after giving birth, defendant started having sex with Jane Doe again, at first once in a while and then "on a daily basis." The conduct occurred continuously until Jane Doe was 17 years old. Jane Doe testified that when she reached the age of 17, it had gotten "to the point that [she] was fed up with it." After that, whenever defendant tried to enter her room, she refused him entry.

Eventually, Jane Doe reported the conduct to the police. The police arrested defendant, explained his *Miranda*[6] rights in Spanish, and conducted an interrogation in which defendant admitted having sexual intercourse with Jane Doe after the baby daughter was born, but insisted he never penetrated her before the birth. According to defendant, he only masturbated in front of Jane Doe. Defendant also admitted oral copulation, but minimized the conduct by emphasizing he only kissed her vagina and she only kissed his penis.

## DISCUSSION

Defendant's appellate counsel has suggested we review the record to determine whether defendant's conviction is supported by substantial evidence, whether defendant's statements to the police were properly admitted, and whether the trial court erred by not instructing the jury that section 288, subdivision (a), was a necessarily included offense within section 269. Counsel has submitted his declaration pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, in which he attests that after a thorough review of the record, he was unable to identify an arguable issue. We disregard the potential issues

---

[6] *Miranda v. Arizona* (1966) 384 U.S. 436.

suggested by counsel because he failed to provide supporting argument. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2.) Of course, by filing a *Wende* brief, counsel has verified he could not find a supporting argument for these, or any other, issues. In any event, in the course of conducting our independent review, we have considered the potential issues suggested by counsel and conclude none of them raise an arguable issue. Counsel's assessment is correct.

As noted, defendant filed a supplemental brief. We must consider each of the issues personally raised by defendant. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) Defendant raises two issues: (1) trial counsel was deficient; and (2) he is innocent – Jane Doe and her mother lied to carry out a plan to extort him.

None of the purported deficiencies of counsel appear in the appellate record. We conclude after our independent review of the record that defense counsel did a thoroughly professional and competent job at trial with very difficult facts. To the extent defendant complains about purported deficiencies not appearing in the record, his remedy, if he has one, is by writ of habeas corpus. (*People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 839 ["When the record does not demonstrate the alleged error or prejudice, the proper remedy is a petition for a writ of habeas corpus"].)

As to the assertion that witnesses lied, we are bound by the credibility determinations made by the jury as the trier of fact. (*People v. Ramos* (1997) 15 Cal.4th 1133, 1165 ["Credibility determinations are for the trier of fact, not the court"].) The evidence at trial was overwhelming and amply supported the verdict of the jury. We are not permitted to reweigh the evidence.

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and have not found any arguable issues on appeal.

DISPOSITION

The judgment is affirmed.


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.